On Motion for Rehearing or Clarification

POLEN, J.
On motion for rehearing, we withdraw our opinion of December 15, 2010 and substitute the following in its place.
Appellant, Corey Wapnick, appeals the trial court’s order entering summary judgment in favor of Appellee, State Farm Mutual Automobile Insurance Company, and determining that Wapnick’s automobile insurance policy did not provide coverage for injuries allegedly sustained as the result of a vehicle accident. Having determined that the entry of summary judgment was premature, we reverse and remand for further proceedings.
On February 14, 2006, while driving his 1994 Porsche which was insured by State Farm, Wapnick was hit by an uninsured motorist from behind. Two days later, Wapnick filed a claim for uninsured motorist coverage for injuries arising out of the accident and also informed State Farm that he had a pre-existing condition where all of the disks in his back were herniated. After reviewing Wapnick’s medical records, State Farm questioned whether and to what extent the accident aggravated Wapnick’s condition. Per the policy language, a person making an uninsured motorist claim must “be examined by physicians chosen and paid by [State Farm] as often as [State Farm] reasonably may require.” Accordingly, State Farm requested that Wapnick undergo an Independent Medical Examination (IME) per the terms of his insurance policy.
Wapnick resided in Vero Beach. State Farm made an appointment for Wapnick to be examined by a neurosurgeon in West Palm Beach. Over the course of several months, Wapnick failed to attend the appointments made for him by State Farm. Wapnick’s counsel requested that State Farm find a medical doctor in Vero Beach to perform the examination. State Farm declined and explained that the nearest authorized neurosurgeon to perform the exam was in West Palm Beach and also pointed out that Wapnick’s medical rec *1067 ords revealed that he was travelling to see doctors in Boynton Beach and Miami. State Farm offered to compensate Wap-nick for reasonable transportation costs to and from the IME and reiterated that attendance of the IME was a condition precedent to coverage under the uninsured motorist policy. Wapnick continued to refuse to attend the appointments in West Palm Beach.
Without ever attending an IME with State Farm’s chosen neurosurgeon, Wap-nick underwent surgery. State Farm subsequently informed Wapnick that his surgery had severely and irreparably prejudiced its contractual right to obtain an IME to determine the nature and extent of Wapnick’s pre-existing condition and any aggravations resulting from the accident.
In August 2007, Wapnick demanded settlement in the amount of $250,000 and State Farm replied that it was denying coverage due to Wapnick’s failure to comply with policy provisions. In September 2007, Wapnick filed an action for declaratory judgment requesting that the court determine whether he was required by the terms of his policy to attend the IME as requested by State Farm. State Farm moved for summary judgment arguing that there was no genuine issue of material fact and that Wapnick’s failure to attend the IME was a violation of policy terms and also that State Farm’s scheduling of the exam was “reasonable in terms of location, frequency, and type of examination” as required by law.
Following a hearing, the trial court granted State Farm’s motion for summary judgment and denied Wapnick’s action for declaratory judgment. The court determined that the only issue in the case was the reasonableness of the location, and that West Palm Beach was within a reasonable distance for Wapnick to travel.
In Wapnick’s action for declaratory judgment, he simply explained that there was a disagreement as to whether Wap-nick could satisfy policy requirements by submitting to an IME in the Nineteenth Judicial Circuit. The court was asked to determine only where the IME should take place, but instead the court determined that there was no coverage. This was error. The trial court should have simply declared that Wapnick was required to attend the IME as requested by State Farm. Instead the court prematurely declared there was no coverage.
We affirm the court’s declaration that Wapnick had to attend the IME with the doctor selected by State Farm in Palm Beach County, but reverse to allow Wap-nick to attend an IME per the court’s order before any issues of coverage may be considered.

Affirmed, in part, Reversed in part, and Remanded.

WARNER, J., concurs.[1]